1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7   THADDEUS D HAMILTON,                    Case No.  21-cv-09581-BLF

8                 Plaintiff,

9        v.                                 **ORDER OF SERVICE**

10  KATHLEEN ALLISON, et al.,

11                Defendants.

12

13          Plaintiff, an inmate at San Quentin State Prison (SQSP) formerly proceeding *pro se*, filed

14  an action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the

15  Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-

16  19, from the California Institution for Men (CIM) to SQSP in May 2020.  Plaintiff is now

17  represented by counsel, and his complaint (Dkt. 1) is before the Court for screening pursuant to 28

18  U.S.C. § 1915A.[1]  The Court previously granted Plaintiff leave to proceed *in forma pauperis*.  Dkt.

19  No. 17.

20          **DISCUSSION**

21  A.      **Standard of Review**

22          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

23  ────────────────────

24  [1] Plaintiff's case, along with a number of other cases making similar claims about the May 2020
    CIM-SQSP transfer, was assigned to the Honorable Judge William H. Orrick for the limited
25  purpose of addressing common questions including whether Defendants are entitled to qualified
    immunity or immunity pursuant to the Public Readiness And Emergency Preparedness (PREP)
26  Act.  *See* Dkt. No. 10.  Judge Orrick ordered Defendants in this case on July 19, 2022 to show
    cause why they should be entitled to a different conclusion than the order at Dkt. No. 59 in case
27  No. 3:22-mc-80066-WHO addressing the common issues.  Dkt. No. 18.  Defendants specially
    appeared to file a Notice in 3:22-mc-80066-WHO (Dkt. No. 71) indicating that Defendants had
28  not been served in several cases, including this one, and requesting that screening and service
    proceed.

United States District Court
Northern District of California

1   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

2   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

3   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

4   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

5   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

6   989, 993 (9th Cir. 2020).

7        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

8   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

9   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

10  grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

11  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

12  the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

13  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

14  cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

15       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

16  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

17  the alleged violation was committed by a person acting under the color of state law.  *See West v.*

18  *Atkins*, 487 U.S. 42, 48 (1988).

19  **B.    Plaintiff's Complaint**

20       Plaintiff alleges that Defendants were involved in the decision to transfer over 100

21  inmates, some of whom were infected with COVID-19, from CIM to SQSP in May 2020.  Dkt.

22  No. 1 at 9-10.  He alleges that Defendants failed to take adequate safety precautions before,

23  during, and after the transfer, including failing to test the transferring prisoners or screen them for

24  symptoms at the appropriate times, failing to implement distancing measures on the transfer

25  busses, and failing to test and isolate the transferred prisoners upon arrival.  *Id.* at 9-13.  He alleges

26  that SQSP was an inappropriate prison for sending the prisoners, because it has "exceedingly poor

27  ventilation, extraordinary close living quarters, [and] inadequate sanitation due to its antiquated

28  infrastructure and overcrowding."  *Id*. at 9.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

Plaintiff names as Defendants California Department of Corrections and Rehabilitation (CDCR) director Allison; CDCR Secretary Diaz; CDCR associate director Davis; SQSP warden Ron Broomfield; federal receiver Kelso; SQSP chief medical officer Pachynski; California Institute for Men (CIM)[2] chief medical officer Escobell; CDCR director of medical services doctor Steven Tharratt; SQSP Healthcare chief executive director Clarence Cryer; CIM warden Dean Borders; and California Correctional Health Care Services (CCHCS) doctor Joseph Bick.  Dkt. No. 1 at 5-7.  Plaintiff sues all Defendants in both their individual and official capacities.  *Id.* at 7.

The complaint alleges that Defendant Kelso "ordered or helped facilitate the transfer . . . with the approval of" Defendants Diaz, Allison, and Davis; that Defendants Escobell and Tharratt ordered that the transferring prisoners not be retested the day before the transfer; that Defendant Bick was "responsible for all transfer and testing protocols"; that Defendant Borders approved the[] transfers of untested" prisoners; and that Defendant Davis, "with the approval of" Defendants Allison and Bick, "decided to disregard the . . . social distancing guidelines" by placing more than 19 prisoners on each bus.  Dkt. No. 1 at 9-10, 12.  It alleges that Defendants Broomfield, Cryer, and Pachynski "chose not to implement . . . basic safety measures" to prevent spread of the virus upon the arrival of the transferring prisoners at SQSP.  *Id.* at 13.  It also alleges that Defendants Diaz and Allison were "well aware of the concerns raised" regarding the transfer.  *Id.* at 12.

Plaintiff alleges that he incurred COVID-19 symptoms after the transfer and continues to experience ongoing symptoms.  *Id.* at 14.  He states he requested his medical file to no avail.  Dkt. No. 1-1 at 59.

Plaintiff also attaches a report by the Office of the Inspector General titled COVID-19 Review Series Part Three: California Correctional Health Care Services and the California Department of Corrections and Rehabilitation Caused a Public Health Disaster at San Quentin State Prison When They Transferred Medically Vulnerable Incarcerated Persons from the California Institution for Men Without Taking Proper Safeguards.  *See* Dkt. No. 1-1 at 7.

Plaintiff alleges the above actions and inactions violated the Eighth Amendment.  He seeks

---

[2] The Court refers to California Institute for Men – Chino as CIM, instead of using CSP, the abbreviation used by Plaintiff.

1   declaratory relief, injunctive relief, compensatory and punitive damages, and costs of suit.

2   **C.      Legal Claims**

3           Liberally construed, the allegations regarding the May 2020 transfer of CIM inmates into

4   SQSP state cognizable Eighth Amendment claims.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)

5   (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of

6   serious harm and disregards that risk by failing to take reasonable steps to abate it).

7           Plaintiff is suing each defendant individually and "in his [or her] official capacity."  Dkt.

8   No. 1 at 7.  The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in

9   federal court without the state's consent.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465

10  U.S. 89, 98-100 (1984).  State officials acting in their official capacities are not "persons" under

11  Section 1983 because "a suit against a state official in his or her official capacity is not a suit

12  against the official but rather is a suit against the official's office."  *See Will v. Mich. Dep't of*

13  *State Police*, 491 U.S. 58, 71 (1989).  Thus, such a suit is therefore no different from a suit against

14  the state itself.  *Id.*  Accordingly, the Eleventh Amendment bars Plaintiff's claims for monetary

15  relief to the extent that they are based on acts by Defendants in their official capacities.  *See id.*

16  The Court DISMISSES Plaintiff's claims for damages against Defendants in their official

17  capacities.

18          The Court also DISMISSES Plaintiff's claims against defendant Tharratt.  The Court

19  understands, as the Attorney General has represented to another court in this district, that "[t]o the

20  best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020."  *See* Case

21  No. 3:20-cv-07845-CRB, Dkt. No. 37, 37-1.  The Court takes judicial notice pursuant to Federal

22  Rule of Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on

23  the California Department of Corrections and Rehabilitation website on October 6, 2020,

24  *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-

25  medical-director-passes-away/.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746

26  n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of

27  public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19

28  (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018

United States District Court
Northern District of California

United States District Court
Northern District of California

1  WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

2        Dr. Tharratt's death therefore preceded the filing of this action on December 10, 2021.

3  "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other

4  way make a dead person (in that person's own right, and not through a properly represented estate

5  or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957

6  F.3d 943, 955 (9th Cir. 2020).  Dr. Tharratt was therefore not an appropriately named Defendant at

7  the onset of this litigation.  If Plaintiff wishes to proceed with a claim against the Estate of Dr.

8  Tharratt, he may file an amended complaint within 28 days of the date of this Order.

9                          **CONCLUSION**

10       For the foregoing reasons, the Court orders as follows.

11       1.      The Court DISMISSES Defendant Tharratt.

12       2.      If Plaintiff chooses to file a first amended complaint ("FAC") naming the Estate of

13  Dr. Tharratt, he must file the FAC within **twenty-eight (28) days** of the date of this Order.  The

14  FAC must include the caption and civil case number used in this order, 21-cv-09581-BLF, and the

15  words "FIRST AMENDED COMPLAINT" on the first page.  Plaintiff must use the Court's

16  complaint form and answer all the questions on the form in order for the action to proceed.

17  Because the FAC completely replaces the previous complaint, Plaintiff must include in his FAC

18  ***all*** the claims he wishes to present.  Plaintiff may not incorporate material from the prior

19  complaints by reference.

20       3.      The Court DISMISSES Plaintiff's claims for damages based on Defendants'

21  actions in their official capacity, as barred by the Eleventh Amendment.

22       4.      In light of the parties' stipulated dismissal of Defendant Clark Kelso (Dkt. No. 19),

23  the Court DISMISSES Defendant Kelso with prejudice.

24       5.      The Court ORDERS that service on the following CDCR Defendants shall proceed

25  under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program

26  for civil rights cases from prisoners in the CDCR's custody:

27             a.      CDCR Director Allison;

28             b.      CDCR Secretary Diaz;

                                5

1       c.        CDCR associate director Davis;

2       d.        SQSP warden Ron Broomfield;

3       e.        SQSP chief medical officer Pachynski;

4       f.        CIM chief medical officer Escobell;

5       g.        SQSP Healthcare chief executive director Clarence Cryer;

6       h.        CIM warden Dean Borders; and

7       i.        CCHCS doctor Joseph Bick

8       In accordance with the program, the Clerk is directed to serve on the CDCR via email the

9 following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report

10 of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order on the

11 Plaintiff.

12       No later than 40 days after service of this order via email on the CDCR, the CDCR shall

13 provide the court a completed CDCR Report of E-Service Waiver advising the court which

14 defendant(s) listed in this order will be waiving service of process without the need for service by

15 the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

16 could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

17 Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

18 a waiver of service of process for the defendant(s) who are waiving service.

19       Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

20 defendant who has not waived service according to the CDCR Report of E-Service Waiver a

21 USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

22 of this order, the summons and the operative complaint for service upon each defendant who has

23 not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

24 Service Waiver.

25       6.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

26 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

27 Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on

28 behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the

United States District Court
Northern District of California

1    cost of such service unless good cause can be shown for their failure to sign and return the waiver

2    form.

3        7.    This Court will issue a scheduling order for summary judgment or other dispositive

4    motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter.  *See* Dkt.

5    10.

6        8.    All communications by Plaintiff with the Court must be served on Defendants'

7    counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard

8    any document which a party files but fails to send a copy of to his opponent.  Until Defendants'

9    counsel has been designated, Plaintiff may mail a true copy of the document directly to

10   Defendants, but once Defendants are represented by counsel, all documents must be mailed to

11   counsel rather than directly to Defendants.

12       9.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

13   Court informed of any change of address and must comply with the Court's orders in a timely

14   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

15   to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

16   pending case every time he is moved to a new facility.

17       10.   Any motion for an extension of time must be filed no later than the deadline sought

18   to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that

19   he must include the case name and case number for this case on any document he submits to the

20   Court for consideration in this case.

21

22       **IT IS SO ORDERED.**

23   Dated: August 31, 2022

24

25

26   BETH LABSON FREEMAN
     United States District Judge

27

28

United States District Court
Northern District of California